## John L. Kerr v. F. M. White.

Supreme Court. *Power of to grant injunctions and appoint receivers.* The Supreme Court has the power to issue restraining orders, and to appoint receivers, when it becomes necessary and proper to exercise such powers, in the due administration of its appellate jurisdiction. But to exercise these powers, the property sought to be placed in the hands of the receiver must be first brought under the jurisdiction of this court by virtue of the appeal, or by virtue of some order or decree rendered in this court. And in order to be able legally to issue a restraining order against a party, that party must be subject to its jurisdiction, as a party in the cause in this court.

### FROM SHELBY.

Appeal from the Chancery Court.    W. H. Smith, Chancellor.

Patterson & Lowe, Duncan, Estes and Jackson for complainant.

Kortrecht, Craft & Scales for defendant.

Nicholson, C. J., delivered the opinion of the court.

This is an application, by petition, to this court for a writ of injunction and for the appointment of a receiver, under the following circumstances:

John Kerr died in Shelby county, in 1870, leaving a large real and personal estate. He left a will, duly probated, by which he devised and bequeathed to complainants—three of his minor grandchildren—a considerable real and personal estate in Georgia, Mis-

sissippi and Tennessee. The property so devised and bequeathed was vested by the will in T. W. White as trustee, with full powers to manage and dispose of the trust · property, and with directions to appropriate as much thereof as might be necessary for the education of the beneficiaries. Testator appointed F. M. White his executor, and excused him from giving bond and security as such. Complainants, by their mother and step-father as next friends, filed their bill against F. M. White as executor, and T. W. White the trustee, the main object of which is to require T. W. White, the trustee, to give bond and security, or, on his failure to do. so, that another trustee be appointed. The only allegation against the trustee as to his failure to discharge his duties, is, that he has not furnished the necessary funds for the education of complainants. This allegation is answered, and defendant states that complainants have a sufficient income coming from their father's estate for their education, and that by the terms of the will he is not bound to provide for their education out of the trust estate, unless the income from their father's estate shall prove insufficient; in that event he is really to furnish the necessary funds. As to the application that he be required to give bond and security, the trustee denies upon the grounds that, by the terms of the will, it was not the intention of the testator that he should give bond and security. The cause was heard on the demurrer of defendant T. W. White, which was sustained as to so much of the trust property as is situated in Georgia and Mississippi, and

overruled as to so much as is in Tennessee.    From
this decree complainants and defendant T. W. White
take cross appeals.    The other defendant, F. M. White,
having neither answered nor demurred, is not before
this court.

No application was made in the court below for
writs of injunction to restrain F. M. White from pay-
ing over the funds of the estate to T. W. White, the
trustee; nor was any application made for the ap-
pointment of a receiver.

The application is now made in this court for in-
junction, and for the appointment of a receiver *pen-
dente lite.*

The petition alleges that the trustee is a man of
comparatively small means, considering the large estate
to be received by him as trustee; that the safety of
the trust estate makes it necessary that it should be
in the custody of the court pending the litigation;
that the trustee is greatly undervaluing the amount
of the estate, and that he is threatening to sell some
of the real estate in Georgia, and petitioners are ap-
prehensive that he will abuse the trust reposed in
him by the testator, and that their estate will be
squandered and lost.    The petition is sworn to, and
is accompanied by affidavits in support of some of the
allegations in the petition.

This court has power to issue restraining orders,
and to appoint receivers, when it becomes necessary
and proper to exercise such powers, in the due ad-
ministration of its appellate jurisdiction.    But to ex-
ercise those powers, the property sought to be placed

in the hands of the receiver must be first brought under the jurisdiction of this court, by virtue of the appeal, or by virtue of some order or decree rendered in this court. And in order to be able legally to issue a restraining order against a party, that party must be subject to its jurisdiction, as a party in the cause in this court.

In the present case, F. M. White is not a party to the cause in this court, and hence we have no jurisdiction to issue an injunction or other process against him.

The trust fund, now sought to be turned over to a receiver, was not taken into the custody of the court below by process of attachment, or by the appointment of a receiver.

The application now to this court to impound the property and place it in the hands of a receiver, necessarily and palpably involves the exercise of original jurisdiction, and that, too, upon an *ex parte* application involving issues of fact as well as of law, as to which this court is expressly forbidden to exercise jurisdiction.

The petition is therefore dismissed with costs.